IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAMARIS PLAISANT MCCALLEY, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-668-S-BK |
| | § | |
| JANE BOYLE, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Damaris Plaisant McCalley's motion to proceed *in forma pauperis* but did not issue process.[1] Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE**.

I. BACKGROUND

In October 2020, McCalley filed a previous *pro se* complaint in this Court, alleging that numerous defendants violated his federal rights and requesting that the Court intervene in a then-pending state lawsuit to assist him. *McCalley v. UT Southwestern Medical Center*, No. 3:20-cv-03196-B-BN (N.D. Tex.). District Judge Jane Boyle, on the recommendation of Magistrate Judge David Horan, summarily dismissed the case without prejudice. *McCalley v. UT Sw. Med.*

---

[1] The Court granted McCalley's *in forma pauperis* motion, Doc. 4, although it was unsigned. Doc. 8. In so doing, the Court took judicial notice of the motion and order granting *in forma pauperis* status filed in *McCalley v. UT Sw. Med. Ctr.*, No. 3:20-CV-3196-B-BN.

*Ctr.*, No. 3:20-CV-3196-B-BN, 2021 WL 955272, at *3 (N.D. Tex. Feb. 24, 2021), *adopted by*, *McCalley,* No. 3:20-CV-3196-B-BN, 2021 WL 950660 (N.D. Tex. Mar. 12, 2021).

On March 22, 2021, McCalley filed "a color of law & civil rights suit/suit for information," naming as Defendants Judges Jane Boyle and David Horan, Disability Rights Texas, UT Southwestern Police Department, and the Southlake Police Department. Doc. 3 at 1. He advances a laundry list of grievances—often nonsensical and conclusory—yet does not assert even one legal claim. Doc. 3 at 1-3 (alleging, for example, "[t]he Judges and Police named all acted under color of law to deny me justice in the courts, delay hearings & or investigations until important legal deadlines had passed," "[t]he above named entities also did not protect me from the accused or offer me help in accordance with the ADA," and "Disability Rights Texas discriminated against my disability because a doctor also committed malpractice when he defiled my civil rights."). As such, McCalley's complaint lacks any legal basis and, therefore, should be dismissed.

## II.   ANALYSIS

McCalley's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most liberal construction, however, McCalley's complaint is frivolous and fails to state a claim

First, Judges Boyle and Horan are entitled to absolute immunity from claims stemming from rulings in McCalley's prior case.  *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (summarizing that judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (same).  As best the Court can glean, the complained of actions were performed by the judges in their capacity and function as a judge.  *Stump*, 435 U.S. at 361-62.  In any event, none of McCalley's allegations suggest that the judges were acting outside of their judicial capacities.  *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009).  Further, it is of no moment that McCalley disagrees with the judges' actions.  *Mireles*, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice").  Accordingly, McCalley's allegations against the Judges are frivolous and fail to state a plausible claim.

Second, while McCalley generally speaks of conspiracy and collusion in his complaint, "[a]llegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004).  Specifically, in the whole of his complaint, McCalley fails to allege any facts that if proven, would establish there was an agreement among Defendants to violate his federal civil rights.  *See Montgomery v. Walton*, 759 F. App'x 312, 314 (5th Cir. 2019) ("Conclusory allegations that do not reference specific factual

allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983." (citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1023–24 (5th Cir. 1982))).

Moreover, insofar as McCalley attempts to sue Defendants for violating his civil rights by failing to investigate his allegations of criminal law violations, his claims lack any legal basis. "There is no federal constitutional right to compel an investigation," or to have someone prosecuted for criminal wrongdoing. *Starrett v. City of Richardson, Tex.*, 766 F. App'x 108, 111 (5th Cir. 2019) (per curiam) (citing *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that there is no constitutional right to have someone criminally prosecuted).

Finally, McCalley may not sue a servient political agency or department, such as the UT Southwestern and Southlake Police Departments, unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."). Because McCalley apparently seeks relief from entities that are not subject to suit under § 1983, to-wit: UT Southwestern and the Southlake Police Department, his claims against them are frivolous on this basis as well.

### III.    LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, McCalley's claims are fatally infirm, in essence stemming from his dissatisfaction with the result of a previous lawsuit in this Court. Under these

circumstances, the Court can only conclude that he has already pled his best case and that granting leave to amend would be futile and cause needless delay.[2]

IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on April 1, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[2] Even granting McCalley the opportunity to substitute entities subject to suit for the non-jural ones, *see Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993), would be futile, since his poorly-pled claims would be fatally deficient for other reasons described.